1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA          Case No.: 1:19-cr-00050 JLT SKO

12                    Plaintiff,       ORDER DENYING DEFENDANT'S MOTION
                                       FOR SENTENCE REDUCTION
13            v.
                                       (Doc. 88)
14   ALEXIS JOSE CANO,

15                    Defendant.

16

17          Alexis Cano seeks a reduction in his sentence based upon the 2023 Amendments to the

18   United States Sentencing Guidelines, by claiming he was entitled to the 2-level reduction due to

19   his being a "zero-point offender." (Doc. 88 at 1) Because the reduction had no impact on the

20   length of his sentence, Mr. Cano is not eligible for a reduction in his sentence. Thus, his motion is

21   **DENIED**.

22          **I. Analysis**

23          Mr. Cano plead guilty to one count of Conspiracy to Distribute and Possess with Intent to

24   Distribute Fentanyl and Heroin, under 21 U.S.C. § 841 (a)(1). (Docs. 80, 83) The statute requires

25   that a person convicted under this statute "shall be sentenced to a term of imprisonment which

26   may not be less than 10 years." 21 U.S.C. § 841(b)(1)(A).

27          At the sentencing hearing, the Court determined Mr. Cano had a total offense level 29,

28   and because he had no criminal history, the Court determined that his criminal history category

                                         1

was "I." (Doc. 83 at 7) Under the 2023 Amendments to the Guidelines, Mr. Cano would have been determined to be a "zero-point offender" and would have been entitled to a 2-level reduction in his total offense level. However, no matter his total offense level, Mr. Cano was sentenced to the mandatory minimum term of imprisonment required by the statute. Being determined to be a zero-point offender does not impact whether the Court was required to impose the mandatory minimum term required by the statute. Because there was no applicable exception to the mandatory minimum term of imprisonment[1] to which Mr Cano was sentenced, the 2023 Amendments to the Guidelines provide him no relief. Thus, his motion to reduce his sentence (Doc. 88) is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 6, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] Though he could have avoided the mandatory minimum term of incarceration had he satisfied the debriefing requirement under "safety valve," his attorney reported to the Court that Mr. Cano refused to do so. (Doc. 84 at 2)

2